IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


POPPY A. WARREN,                          08-CV-8-BR

       Plaintiff,                  OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

       Defendant.


RICHARD A. SLY
1001 S.W. Fifth Avenue
Suite 310
Portland, OR 97204
(503) 224-0436

LINDA S. ZISKIN
3 Monroe Parkway
Suite P
Lake Oswego, OR 97035
(503) 889-0472

      Attorneys for Plaintiff


1 - OPINION AND ORDER

**KARIN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1158

**MICHAEL McGAUGHRAN**
Office of the General Counsel
**STEPHANIE R. MARTZ**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2113

                    Attorneys for Defendant


**BROWN, Judge.**

        Plaintiff Poppy A. Warren seeks judicial review of a final

decision of the Commissioner of the Social Security

Administration (SSA) in which he denied Plaintiff's application

for Disability Insurance Benefits (DIB) under Title II of the

Social Security Act.  Plaintiff seeks an order reversing the

decision of the Commissioner and remanding this action for an

award of benefits.

        This Court has jurisdiction to review the Commissioner's

decision pursuant to 42 U.S.C. § 405(g).  Following a review of

the record, the Court **AFFIRMS** the decision of the Commissioner

and **DISMISSES** this matter.


2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on June 15, 2004, alleging a disability onset date of March 1, 1992. Tr. 19, 72.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on February 6, 2007.  Tr. 464-505.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on March 7, 2007, in which he found Plaintiff was not disabled.  Tr. 19-28.  Pursuant to 20 C.F.R. § 404.984(d), the ALJ's decision became the final decision of the Commissioner on November 1, 2007.  On December 31, 2007, Plaintiff sought judicial review by this Court of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on August 29, 1942; was 55 years old on December 31, 1997, the date her insured status expired; and was 64 years old at the time of the hearing.  Tr. 104.  Plaintiff has completed college, obtained two Masters Degrees, and took classes toward obtaining a Ph.D.  Tr. 355.  Plaintiff has past relevant work experience as a healthcare director, healthcare researcher,

---

[1] Citations to the official transcript of record filed by the Commissioner on May 16, 2008, are referred to as "Tr."

program developer, Spanish professor, and Spanish tutor.
Tr. 502.

Plaintiff alleges disability due to depression, anxiety,
phobia disorders, high blood pressure, high cholesterol, fatigue,
"elevated kidney functions," eczema, hypothyroidism, and
attention-deficit disorder (ADD). Tr. 72.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence. After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence. *See* Tr. 21-22, 24-25.


## STANDARDS

The initial burden of proof rests on the claimant to
establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004
(9th Cir. 2005). To meet this burden, a claimant must
demonstrate his inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of
developing the record. *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are

4 - OPINION AND ORDER

supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson*, 359 F.3d at 1193. "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially

5 - OPINION AND ORDER

dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8

6 - OPINION AND ORDER

hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at

20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner

meets this burden, the claimant is not disabled.  20 C.F.R.

§ 404.1520(g)(1).


### ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff did not engage in

substantial gainful activity from March 1, 1992, through

December 31, 1997, the date on which her disability insured

status expired.  Tr. 21.

At Step Two, the ALJ found Plaintiff has the severe

impairments of "a depressive disorder" and a substance-addiction

disorder.  Tr.  21.  The ALJ concluded the remainder of

Plaintiff's alleged conditions are not severe.  Tr. 21.

At Step Three, the ALJ concluded Plaintiff's impairments do

not meet or equal the criteria for any Listed Impairment from 20

C.F.R. part 404, subpart P, appendix 1.  The ALJ assessed

Plaintiff's RFC and found Plaintiff had the capacity to perform

work at all exertional levels during the period at issue, but she

is limited to "simple 1-2-3 step work," should not interact with

the public, and should avoid hazards such as machinery or

heights.  Tr. 22-23.

At Step Four, the ALJ found Plaintiff is not able to perform

her past relevant work.  Tr. 26.

At Step Five, the ALJ found Plaintiff is capable of

performing jobs that exist in significant numbers in the local and national economies.  Tr. 26-27.  Accordingly, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 27.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) found Plaintiff's remaining disabilities were not severe at Step Two, (2) improperly rejected Plaintiff's testimony, (3) failed to consider the side-effects of Plaintiff's medication, (4) improperly calculated Plaintiff's age, (5) failed to engage in a materiality analysis regarding Plaintiff's substance-addiction disorder, and (6) improperly rejected the opinion testimony of Central City Concern Outreach Coordinator Kristi Jamison.

**I.    The ALJ did not err at Step Two.**

Plaintiff asserts the ALJ erred at Step Two when he did not find Plaintiff's alleged disabilities of back impairments, hypothyroidism, elevated kidney functions, anxiety, gastro-intestinal disorders, and borderline-personality disorder to be severe.

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d

9 - OPINION AND ORDER

at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).

The ALJ found Plaintiff had the severe impairments of depressive disorder and substance-addiction disorder before her date last insured.  The ALJ noted the record "show[s] evidence of a history of hypertension and back disorders," but also reflects Plaintiff's blood pressure was "stable" and under "excellent control" before Plaintiff's date last insured.  Tr. 22, 128, 129. In addition, x-rays of Plaintiff's spine taken in February 1996 revealed only "mild S-type scoliosis" that was likely due to degenerative changes.  Tr. 22, 214.  The ALJ also found the medical evidence from 1992 to 1997 was "extremely limited" and did not establish Plaintiff suffered from any other alleged impairments before her December 31, 1997, date last insured.

On this record, the Court concludes the ALJ did not err when he found Plaintiff's limitations other than a depressive disorder and substance-addiction disorder were nonsevere because the ALJ provided legally sufficient reasons supported by the record for doing so.

**II.  The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give specific reasons supported by the record for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom

10 - OPINION AND ORDER

testimony:  The claimant must produce objective medical evidence
of an impairment or impairments, and she must show the impairment
or combination of impairments could reasonably be expected to
produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th
Cir. 1986).  The claimant, however, need not produce objective
medical evidence of the actual symptoms or their severity.
*Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not
any affirmative evidence of malingering, the ALJ can reject the
claimant's pain testimony only if he provides clear and
convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th
Cir. 1995)).  General assertions that the claimant's testimony is
not credible are insufficient.  *Id*.  The ALJ must identify "what
testimony is not credible and what evidence undermines the
claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing, Plaintiff testified she tried to get work
during the applicable period, but no one would hire her.
Tr. 473.  She also tried tutoring students in Spanish, but
students would not continue tutoring with her for reasons she did
not understand.  Tr. 478.  Plaintiff testified she did not
complete her Ph.D. program because she was not challenged by the
faculty and she was "not able to stay on track."  Tr. 485.
Plaintiff also stated she has borderline-personality disorder,

which causes her to have "limited focus and limited patience with
people." Tr. 487. Plaintiff also stated she had gastro-
intestinal problems and back pain before her date last insured.
Tr. 491-92. Plaintiff testified she has suffered from
hypertension since 1979, has been taking medicine for
hypertension since the mid-1980s, and the medication for
hypertension makes her drowsy. Tr. 496, 499.

The ALJ determined Plaintiff's testimony regarding the
intensity, persistence, and limiting effects of her symptoms was
not fully credible as to her condition before her December 31,
1997, date last insured. The ALJ noted the medical records for
the relevant period show Plaintiff's hypertension was under
control with medication. In addition, although Plaintiff
testified her hypertension medication makes her drowsy, she also
testified she had been taking the same medication since the mid-
1980s and had worked successfully until 1992. The ALJ noted
Plaintiff was not diagnosed with or treated for borderline-
personality disorder until after the period at issue, and the
medical record does not show she suffered from this condition
before her date last insured. The ALJ also noted the medical
record showed Plaintiff did not seek regular treatment for back
pain during the period at issue, and x-rays of her spine in 1996
revealed only "mild S-type scoliosis" resulting from degenerative
changes of her thoracic and lumbar spine and "mild posterior

osteophytic ridging." Tr. 213-14.  In addition, Plaintiff
traveled extensively and attended language and art school in
Italy during the relevant period.

Based on this record, the Court finds the ALJ did not err
when he rejected Plaintiff's testimony because the ALJ provided
legally sufficient reasons based on substantial evidence in the
record for doing so.

**III. The ALJ considered the side-effects of Plaintiff's
medication.**

Plaintiff contends the ALJ did not consider the side-effects
of Plaintiff's hypertension medication.  The ALJ, however,
pointed out Plaintiff's testimony that her hypertension
medication made her drowsy, that Plaintiff had been taking the
same medication since the mid-1980s, and that Plaintiff had
worked successfully for several years when she was taking her
hypertension medication.  As a result, the ALJ did not credit
Plaintiff's testimony that she was unable to work due to the
side-effects from her hypertension medication.

Based on this record, the Court finds the ALJ considered the
side-effects of Plaintiff's medication and did not err when he
found Plaintiff's testimony was not credible as to these side-
effects because the ALJ provided legally sufficient reasons based
on substantial evidence in the record for doing so.

IV.   **The ALJ erred when he improperly calculated Plaintiff's age, but it was harmless error because he properly found the record did not establish Plaintiff had exertional limitations during the relevant period.**

Plaintiff contends the ALJ erred when he improperly calculated Plaintiff's age.  Specifically, although the ALJ correctly noted Plaintiff's birth date as August 29, 1942, he incorrectly found Plaintiff was 49 on December 31, 1997, her date last insured.  Plaintiff points out that § DI25015.015 A(3)(g) of the SSA's Hearings and Appeals Litigation Law provides:

> If an individual is of advanced age (age 55 or older) and has a severe impairment(s) that limits him or her to sedentary or light work, we will find that the individual cannot make an adjustment to other work unless he or she has skills that can transfer to other skilled or semiskilled work (or if the individual has recently completed education which provides for direct entry into skilled work) that the individual can do despite his or her impairment(s).

Thus, Plaintiff asserts the ALJ erred when he did not limit Plaintiff to sedentary or light work and, consequently, erred when he did not make any findings as to Plaintiff's ability to make an adjustment to other skilled or semiskilled work.

Even though the record reflects Plaintiff was 55 on her date last insured, the ALJ found the record did not establish Plaintiff had exertional limitations during the relevant period. As noted Plaintiff did not seek consistent treatment for back pain, and the x-rays taken during the period at issue showed only mild degenerative spine issues.

14 - OPINION AND ORDER

Based on this record, the Court concludes the ALJ did not err when he did not limit Plaintiff to sedentary or light work during the relevant period and did not consider whether Plaintiff had skills that could transfer to other skilled or semiskilled work because he did so based on substantial evidence in the record.  Accordingly, the Court finds the ALJ's error as to Plaintiff's age was harmless because it was "inconsequential to the ultimate nondisability determination." *Stout*, 454 F.3d at 1055-56.

**V.    The ALJ did not err when he failed to engage in a "materiality analysis" as to Plaintiff's substance-addiction disorder.**

Plaintiff contends when the ALJ found Plaintiff suffered from a substance-addiction disorder during the period at issue, the ALJ should have engaged in a "materiality analysis" pursuant to 20 C.F.R. § 404.1535.  Section 404.1535 requires the SSA to determine "whether [the claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability."

The Ninth Circuit has found the ALJ should proceed "with the five-step inquiry without attempting to determine the impact of [the claimant's] alcoholism. . . .  If, and only if, the ALJ [finds the claimant] was disabled under the five-step inquiry, should the ALJ" evaluate "whether [the claimant] would still be disabled if he stopped using alcohol." *Bustamante v. Massanari*,

262 F.3d 949, 955 (9th Cir. 2001).

Here the ALJ found Plaintiff was not disabled after conducting the initial five-step inquiry, a finding this Court does not disturb.  The Court, therefore, concludes the ALJ did not err when he did not engage in the materiality analysis set out in § 404.1535.

## VI.  The ALJ did not err when he rejected the opinion of Kristi Jamison.

On November 9, 2004, Kristi Jamison, an Outreach Coordinator at Central City Concern, opined in a letter to Plaintiff's counsel that Plaintiff "is disabled and has been for a prolonged period of time."  Tr. 104.  Jamison briefly represented Plaintiff in her claim for benefits, but it is not clear from the text of her letter whether her opinion was given as an advocate or based on personal knowledge.

Medical sources are divided into two categories: "acceptable" and "not acceptable."  20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. § 416.902.  Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors.  SSR 06-03p, at *2.

The ALJ rejected Jamison's opinion on the grounds that she is not an acceptable medical source and, therefore, is not qualified to make an assessment as to Plaintiff's disability and

16 - OPINION AND ORDER

because it is not clear that her opinion was based on personal knowledge.

Based on this record, the Court finds the ALJ did not err when he rejected the opinion of Kristi Jamison because the ALJ provided legally sufficient reasons based on substantial evidence in the record for doing so.

### **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 23rd day of February, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER